UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
NEW YORK

RAFIQ A. SABIR,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respndent.

12 CIV.8937(LAP)
05CR.673(LAP)

Motion to Correct or
Amend the Record
pursuant to Fed.R.App.P. Rule 10(e)

    **COMES NOW** Rafiq A. Sabir (Petitioner), in the above captioned case, hereby Moving this Court to Correct or Amend trial transcripts from criminal proceedings pursuant to Federal Rules of Appellate Procedure (Fed.R.App.P) 10(e). "Under Rule 10(e) it is clear that the district court may consider a motion to correct the record even after appeal has been taken." [<u>United States v. Mori</u>, 444 F.2d 240 (5th Cir. 1971)]. Petitioner's Motion under [28 U.S.C.§2255] is currently pending before the district court and contains certain GROUNDS that rely upon an accurate transcript to substantiate the claims made therein. "This right to access to the courts encompasses a criminal defendant's right to obtain a trial transcript for purposes of appeal...[It] would be meaningless unless it also embraced the right to a reasonably accurate transcript..." [<u>Curro v. Watson</u>, 2d Cir. 1996 US App LEXIS 2502 (January 16, 1996)].

Petitioner asserts, there were numerous inaccuracies in the trial transcript which were not addressed on appeal due to ineffective assistance of appellate counsel. Petitioner has thus, provided a representative portion of discrepancies from what actually occurred at trial in his supplemental sworn declaration accompanying his amended [§2255] Motion. Had Petitioner not made motion to correct the court would readily accept the current transcript as accurate. "...Paniagua has not made a motion to correct or modify the record as provided in Fed.R.App.P 10(e). Thus, we are accepting as accurate the transcript..." [<u>Government of the Virgin Islands v. Paniagua</u>, 922 F.2d 178 (3rd Cir. 1990)]. The transcript on record does not accurately reflect the wording and sequence of events that actually occurred that day at trial. The approximate wording and sequence is contained in the original [§2255] Motion. Inaccuracies related to GROUND Six Part A(12) in amended [§2255] Motion: Prosecutorial Misconduct due to presenting falsified arrest record to Petitioner while testifying at trial. The version on record is incorrect as it does not include the three consecutive assertions, falsely made by the prosecutor that Petitioner had been arrested in Beacon, New York. Defense counsel objected each time, each of his objections were sustained by the court, however, they never made it to the trial transcript. Thus, the incorrect version on record minimizes and trivializes the malicious misconduct, which, as it actually occurred violated Petitioner's right to Due Process. Such violation would have been sufficient to reverse the conviction and remand for a new trial on appeal. "Petitioner argues that his due process and equal protection rights were

violated by inaccurate, incomplete, and altered trial transcripts which prevented...appellate rights." [Maxwell v. Conway, 2d Cir. 2010 U.S. Dist LEXIS 115290]. "Among the rights an appellant has is the right to a reasonably accurate transcript." [Benjamin v. Greiner, 296 F.Supp. 2d 321, 333 (EDNY 2003)] (quoting [Curro v. Watson]) The presentation of the false police report is an abhorent example of misconduct. "Rather, actual malice, is the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true." [Liberty Lobby, Inc. v. Rees, 852 F.2d 595 (D.C. Cir. 1988)] The entire wording of the exchange at trial was omitted and substituted for a radically different narrative of bland, seemingly innocuous words, even incorrectly indicating Petitioner himself acquiesced to the false assertion of an arrest that he knew never occurred; while in truth, Petitioner vehemently protested the false allegations three times, however, it was not entered into the record. This is as criminal offense under [18 USCS §1506].

Title [28 USC §752] requires a court reporter to make a verbatim record of the trial; and it also approves the use of electronic sound equipment as a means of recording proceedings in federal courts, "...as a redundant backup system..." [United States v. McVeigh, 931 F.Supp. 753 (D.C. Colo 1996)]. "Alternative methods of reporting trial proceedings are possible if they place before the appellant court an equivalent report of events at trial from which appellant's contentions arise." [United States v. Smaldone, 583 F.2d 1129 (10th Cir. 1978)]

See also, [United States v. McCulloch, 562 F.Supp. 103 (E.D. Tenn. 1983)] "Although the trial was tape-recorded, the tapes were subsequently discovered to be blank." At the onset of Petitioner's criminal proceeding, Defense counsel warned him to be careful of what he says in the courtroom because everything is recorded by microphones. (Sabir Declaration p.202) Through that recording, the court can confirm the record is inaccurate, and corroborate Petitioner's version of events as accurate. Petitioner's trial and appellant counsel, Edward D. Wilford, died in 2014 and therefore cannot provide testimony on this issue; and co-counsel, Natali Todd refused to accept mail from Petitioner. Furthermore, the prosecutor's deliberate impropriety in the presentation of the false report and the line of questioning regarding the alleged arrest in Beacon, New York rises to the level of habeas review for fundamental fairness. "In Mahorney [v. Wallman, 917 F.2d 469 (10th Cir. 1990)] the prosecutor made misstatements...reviewed on habeas under fundamental fairness set forth in Donnelly v. DeChristoforo, 416 U.S. 637 (1974) this court determined that 'when the impropriety complained of effectively deprived the defendant of specific constitutional right, a habeas claim may establish without requiring proof that the entire trial was thereby rendered fundamentally unfair.' Mahorney"

"We conclude that an appellant seeking a new trial because of missing or incomplete transcript must, 1) make a specific allegation of error; 2) show that the defect in the record

materially affects the ability of the appeals court to review the alleged error; and 3) show that a Rule 10(c) proceeding has failed or would fail to produce an adequate substitute." [Bergerco,USA v. Shipping Corp. of India Ltd., 896 F.2d 1210 (9th Cir. 1990)]

In addressing inaccuracies related to GROUND SIX Part B in Amended [§2255] Motion: Prosecutorial Misconduct in violation of Federal Rule of Evidence 610, which prohibits a prosecutor from asking questions about religious beliefs in order to show that, due to one's religious beliefs, testimony is either more or less credible. The version on record, omits the prosecutor's improper question at trial, after asking Petitioner to define taqiyyah, "Doesn't it mean you are allowed to lie under oath?" This question was shocking to Petitioner, and the transcript on record does not accurately reflect the wording and sequence of events that actually occurred at trial, a fact that is attested to in Petitioner's Supplemental sworn declaration (p.191). The line of questioning was a direct violation of Fed.R.E. 610 and any reasonable juror would likely conclude Petitioner's denial of knowing the meaning, verified the question. In other words, Petitioner must have been lying regarding every statement he made in his own defense. The prosecutor's action not only violated Fed.R.E 610, but also violated Petitioner's right to due process and the free exercise clause enumerated in the First Amendment to the Constitution for the United States of America. "The Due

Process Clause contains a substantive component that bars arbitrary wrongful actions, regardless of the fairness of the procedures used...The constitutional violation...is complete when the wrongful action is taken." [Curro v. Watson] The omission of the improper question from the record denied Petitioner an opportunity to appeal an issue that had merit and would have been successful when argued on appeal.

Also missing from the record are statements made by the prosecutor in opening statements as well as throughout the trial, mainly asserting that a conspiracy involving Petitioner existed in 2003, or - which addresses inaccuracies related to GROUND FIVE (A), abuse of discretion in erroneously allowing into evidence highly inflammatory prejudice hearsay statements of co-defendant Tarik Shah under hearsay exception Rule 801(d)(2)(E). On appeal, defense counsel argued the recordings in question were hearsay, however, he never challenged the court's erroneous ruling that the alleged conspiracy began in 2003, dooming his argument from the outset. However, in its response to Petitioner's [§2255] Motion, the government does not deny Petitioner's claim that:

1) the government asserted at trial that the alleged conspiracy began in 2003;

2) in closing arguments, the government changed that claim to say the alleged conspiracy began in March or April of 2004; and therefore;

3) the recordings in question admitted under the hearsay exception rule were made before the onset of the alleged conspiracy.

As enumerated in GROUND SIX (A)(1), this amounts to prosecutorial misconduct in making false statements before the court and jury in order to mislead both the court and jury and bring in inadmissible evidence. nevertheless, it is deeply troubling that the record does not show the government's false assertions that the alleged conspiracy began in 2003, which was the very basis on which the court permitted use of the hearsay exception. A correct/amended transcript would substantiate Petitioner's claim of prosecutorial misconduct for making the false assertion at trial before the court. The government knew, or should have known, that this was false, and did not, nor could not present any evidence at trial to substantiate the claim. Clearly, the court had no other basis at trial to permit use of the hearsay exception other than the false assertion. The omission of the statements from the record, denied Petitioner an opportunity to perfect his appeal. "Petitioner's version can be corroborated by review of the courtroom recordings during trial." [<u>Lothshuetz v. Carpenter</u>, supra.] In the case at bar, Petitioner's claim can be verified through the courtroom recording from relevant dates of the trial, and as a result of their omission, Petitioner was and has been denied the opportunity to raise his claims of violations of Due Process as well as his First Amendment violation claim. Petitioner's First Amendment claim rises from prosecutorial misconduct, iterated in GROUND SIX A 11(c), specifically the prosecutor's claim that Petitioner "spent years of training in martial arts with Al-Mutazzim." This statement was omitted from the record, and was made by the prosecutor throughout the trial and closing arguments, to

support this false assertion that, Petitioner knew Al-Mutazzim; which along with the false narrative of the prosecutor that Petitioner was arrested in Beacon, New York while co-defendants Mahmoud Al-Mutazzim and Tarik Shah were allegedly in Petitioner's vehicle during the arrest. The court erroneously allowed this otherwise inadmissible testimony on Al-Mutazzim into the record based on the false and misleading allegation by the prosecutor that, Petitioner was arrested in Beacon, New York after watching an Al-Qaeda propaganda video with his co-defendants. All these actions and statements were made to mislead the jury to believe there was a connection between Petitioner and Al-Mutazzim that was probative in the case against Petitioner. In presenting this evidence, which was highly inflammatory and prejudicial, the prosecution was allowed to violat Petitioner's First Amendment right by making or attempting to make him guilty by association.

## Conclusion

For the reasons presented in the foregoing, Petitioner submits this motion pursuant to Rule 10(e) in prayer that this court may GRANT his request to correct/amend the record of the transcript on file before this court renders any ruling or judgment on his pending [§2255] Motion.

Respectfully submitted,

Date: 4 February 2015

_____
Rafiq A. Sabir

## Certificate of Service

I Rafiq Sabir hereby certify that I have served or caused to be served a full and complete copy of this: Motion to Correct or Amend the Record pursuant to Fed.R.App.P. Rule 10(e), to the Clerk of Court United States District Court for the Southern District of New York via United States Postal Service First Class Mail at the following address:

⇔55312-066⇔
United Sta Attorney
1 Saint Andrews PLZ
NEW YORK, NY 10007-1701
United States

Date: 4 February 2015

Rafiq A. Sabir

⇔55312-066⇔
Clerk Of Court SDNY    Attorney
500 Pearl ST
NEW YORK, NY 10007-1312
United States