UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFIQ A. SABIR

12 Civ. 8937 (LAP)

05 Cr. 673 (LAP)

v.

UNITED STATES OF AMERICA

SUPPLEMENTAL SWORN STATEMENTS
IN SUPPORT OF RULE 33 MOTION

1. I, Rafiq A. Sabir, am the movant in Rule 33 Motion submitted on 22 October 2013, as per mailbox rule.

2. At the time of writing the Motion the intent was to make it an addition to the Grounds in the habeas corpus petition submitted 30 November 2012, as per mailbox rule, (as well as a Rule 33 Motion), due to the instances of ineffective assistance of counsel cited, to wit:
a) Failure to investigate Defendant's assertion that he did not understand arabic;
b) Failure to investigate Defendant's assertion that he did not believe that al-Qaeda was a real organization;
c) Failure to investigate Defendant's assertion that he had no inclination to support al-Qaeda or any other radical ideology/organization.

3. These additional Grounds could not have been supported prior to receipt of the letters included as exhibits in support of the Rule 33 Motion.

4. Defendant sought out testimonial support from associates familiar with him and his beliefs and capabilities, (while he was living and working in Riyadh, Saudi Arabia immediately prior to his arrest),

many months prior to the deadline for habeas corpus.

5. The letters submitted in support of the Rule 33 Motion were sent in October 2012, well before that deadline, but were delayed in being delivered; and as such weren't received by Defendant until February 2013, after the Court ordered the Government to respond to the habeas corpus petition. Even so, the letters were not in testimonial form as originally received, (i.e., as sworn statements), so Defendant subsequently asked the authors to re-send them as sworn statements, and they complied.

6. Upon receipt of the letters in testimonial form Defendant wrote and submitted his pro se Rule 33 Motion, but due to his lack of knowledge in writing motions and discerning the importance of and the difference between New Evidence rules and habeas corpus rules, the Motion did not emphatically state each issue as such.

7. Defendant now recognizes that the only real "new evidence" by court standards is the statement of Hassan Shareef, (that Defendant did not even believe that al-Qaeda was a real organization), because it was not discoverable at the time of trial since Defendant had no ideas where Mr. Shareef was and that he knew of Defendant's assertion.

8. Defendant also now recognizes that, while his inability to speak arabic was just substantiated at the time of his Rule 33 Motion, it is actually purely a habeas corpus issue. And, regardless of this difference, it must still be considered a timely amendment to his habeas corpus petition due to the inexplicable and suspicious delay of 5 months from the time of mailing the original letters prior to his deadline to receipt of those letters well after that deadline.

I declare under penalty of perjury that the forgoing is true and correct.
Executed on: 12 September 2015  Signature: _____

RAFIQ SABIR #55312-066
Federal Medical Center, Devens
Hospital Unit P-3
Post Office Box 879
Ayer, Massachusetts, 01432

Criminal
Docket #45
Cr 9/11/15

LEGAL MAIL - SPECIAL MAIL

⇔55312-066⇔
Clerk Of Court
500 Pearl ST
NEW YORK, NY 10007-1312
United States

BOSTON MA 021
15 SEP 2015 PM 5 L

1000713169B